IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOE A. MERCADO-LOPEZ AND MARICELYS CRUZ-VARGAS AND THE CONJUGAL PARTNERSHIP CONSTITUTED BETWEEN THEM; JOSE A. MERCADO-GUZMAN; RUTH M. LOPEZ-PEREZ<br><br>**Plaintiffs**<br><br>Vs.<br><br>**CARIBEX WORLD WIDE , INC.**<br><br>**Defendants** | CIVIL NO.:<br><br>TORTS<br>JURY TRIAL |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs, **JOE A. MERCADO-LOPEZ** and **MARICELYS CRUZ-VARGAS** and the conjugal partnership constituted between them; **JOSE A. MERCADO-GUZMAN** and **RUTH M. LOPEZ-PEREZ**, through his undersigned counsel, and respectfully state, allege and pray:

## I. THE PARTIES

1.1     Plaintiffs, Joe A. Mercado-Lopez and Maricelys Cruz-Vargas are of legal age, married between them under a conjugal partnership with residence and domicile at Barrio Quebrada Camuy, Manati, Puerto Rico.

1.2     Co-plaintiffs José A. Mercado-Guzman and Ruth A. Lopez-Perez are of legal age and married between them.  They are the parents of plaintiff Mercado-Lopez.

1.3     Defendant, CaribEx Worldwide, Inc. ("CaribEx"), is a North Carolina company with its principal place of business in 6520 Airport Parkway, Suite 200, Greensboro, N.C. 27409.  It is a North Carolina Corporation within the meaning of 28 U.S.C. §1332.

1.4     The citizenship of the plaintiffs is completely diverse to the citizenship of each of the co-defendants.

## II. NATURE OF THE ACTION JURISDICTION AND VENUE

2.1     This is an action to recover personal damages, which the co-defendants inflicted upon plaintiffs as a result of their negligent acts and/or omissions.

2.2     This Honorable Court has jurisdiction over the parties and the subject matter of this litigation under and pursuant to Section 1332 of Title 28 of the United States Code, 28 U.S.C. §1332, inasmuch as there is complete diversity

of citizenship between the Plaintiffsd and the Defendants and the amount in controversy, exclusive of costs and interest, exceeds the amount of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00)

2.3  Venue is proper in this Court pursuant to Section 1391 of Title 28 of the United States Code, 28 U.S.C. §1391, because the claims asserted arose in this judicial district.

2.4  Plaintiffs request a jury trial for all issues so triable.

### III. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3.1  On February 28th, 2017, during morning hours, plaintiff Mercado-Lopez (a mechanic for Ranger American) was called to assist a Ranger American truck with mechanical problems on highway PR-22. The Ranger American truck was parked in the emergency lane at Km 52.6 of PR-22 in an easterly direction.

3.2  After arriving to the scene, plaintiff Mercado-Lopez parked his pickup truck on the emergency lane about 25 feet in front of the Ranger American truck. Mercado-Lopez walked towards the Ranger American truck, assessed the mechanical situation and decided to walk back to his pickup truck to get the necessary tools to fix the Range American Truck.

3.3  While walking on the emergency lane from the Ranger American truck to his pickup truck, a third semi-truck with its trailer (traveling from on an

easterly direction), in an illegal and negligent fashion invaded the emergency lane impacting Mercado-Lopez with the right side of the front bumper of the semi-truck. This first impact caused Mercado-Lopez to hit his pickup truck and bounce back to the semi-truck and its trailer causing a second impact. In this second impact, the trailer of the semi-truck ran over plaintiff body causing severe injuries.

3.4  Upon information and belief the driver of the semi-truck was Jesus Crespo-Lagares (non-party in the action) employee of CaribEx. The owner of the semi-truck and its trailer is defendant CaribEx.

3.5  The aforementioned accident was caused by the negligence of a CaribEx employee who was reckless and negligent ignoring transit regulations and illegally invading the emergency lane.

3.6  CaribEx and its insurance companies are liable for all negligent acts and/or omissions committed by its employee.

3.7  As a result of the aforementioned accident, plaintiff suffered multiple and permanent traumas and injuries in different parts of his body.

## IV. FIRST CAUSE OF ACTION
### (Damages Mercado-Lopez)

4.1   Plaintiffs reproduce and re-affirm, as if alleged herein, each and every one of the preceding allegations.

4.2   As a result of the aforementioned accident, Mercado-Lopez suffered multiple body traumas and fractures.

4.3   After the accident, Mercado-Lopez was transported via ambulance to Manati Medical Center and later to Centro Medico.  During his 150-day hospitalization, plaintiff was subject of several surgical procedures including; open reduction internal fixations (ORIFs).  On July 2017 he was partially released from Centro Medico, pending other surgical procedures.

4.4.   On October 24th, 2017, Mercado was admitted again in Centro Medico and was subject to another surgical intervention.  He was released on November 1st, 2017.  Another surgical intervention still pends.

4.5.  Plaintiff has suffered permanent physical injuries that have prevent him from work due to a substantial loss of movement of his legs.  He has gone through extensive physical therapy, massage therapy, MRI's, and has been taken muscle relaxers and pain medications.

4.6.  Performing his duties as mechanic for Ranger American has also been affected.  So far Mercado-Lopez has been unable to return to work because of his

injuries. This has cause a loss of income to the conjugal partnership of over $16,000 so far.

4.6     The aforementioned injuries have caused plaintiff great physical and emotional pain and suffering and mental anguish.

4.7     For the physical damages, pain, suffering and mental anguish, defendants are liable to plaintiff, *in solido*, in a sum not less than **FIVE MILLION DOLLARS ($5,000,000.00)**.

## V. SECOND CAUSE OF ACTION
**(Damages** Maricelys Cruz-Vargas)

5.1     Plaintiffs reproduce and reaffirm, as if alleged herein, each and every one of the preceding allegations.

5.2     As a result of the aforementioned accident, Maricelys Cruz-Vargas life has changed. She has suffered emotional pain and suffering and mental anguish that is derivative of her husband's damages. She suffers by seeing her lovely husband suffering every day and by not being able to performing his usual daily activities.

5.3     For the damages, pain, suffering and mental anguish, defendants are liable to Maricelys Cruz-Vargas, *in solido*, in a sum not less than **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)**.

## VI. THIRD CAUSE OF ACTION

### (Damages Jose A. Mercado-Guzman and Ruth M. Lopez-Perez)

6.1     Plaintiffs reproduce and reaffirm, as if alleged herein, each and every one of the preceding allegations.

6.2     As a result of the aforementioned accident, Mercado-Guzman and Lopez-Perez life has changed. They have suffered emotional pain and suffering and mental anguish that is derivative of their son's damages. They suffer by seeing their lovely son suffering every day and by not being able to performing his usual daily activities.

6.3     For the damages, pain, suffering and mental anguish, defendants are liable to Mercado-Guzman and Lopez-Perez, *in solido*, in a sum not less than **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).**

## VII. FOURTH CAUSE OF ACTION

### (Interest, Attorneys Fees and Other Expenses)

7.1     Plaintiffs reproduce and reaffirm, as if alleged herein, each and every one of the preceding allegations.

7.2     Pursuant to the laws of the Commonwealth of Puerto Rico, a person who is obstinate in fomenting litigation and/or protracting litigation, or refusing to recognize an obligation, is liable for reasonable attorney's fees.

7.3   Pursuant to the laws of the Commonwealth of Puerto Rico, a person who is adjudged obstinate is also liable for pre-judgment interest from the date of the filing of the claim.

7.4   The defendants have been obstinate in that, although they have been on notice of the nature and extent of the damages suffered by the plaintiffs, they have taken no action on the matter and have, in fact, fomented this litigation.

**WHEREFORE**, plaintiffs respectfully request that this Honorable Court enter Judgment for the plaintiffs granting them the remedies requested in this Complaint and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th day of December 2017.

<u>S/Juan R. Dávila Díaz</u>
Juan R. Dávila Díaz
USDC-PR 224209

134 Mayagüez
Hato Rey PR 00917
T. 787-525-7417
F. 787-763-9595
E-mail: davilajuanr@yahoo.com