IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Joe A. Mercado-López and Maricelys Cruz-Vargas and the conjugal partnership constituted between them; José A. Mercado-Guzmán; Ruth M. López-Pérez,<br><br>Plaintiffs<br><br>v.<br><br>Caribex World Wide, Inc.<br><br>Defendants | Civil Action No. 17-cv-2343(FAB)<br><br>Plaintiffs Demand Trial by Jury |

**ANSWER TO COMPLAINT**

TO THE HONORABLE COURT:

Now comes co-defendant Caribex World Wide, Inc. (hereinafter "**Caribex**"), through the undersigned attorney, and respectfully states and prays as follows:

**I. THE PARTIES**

1. Paragraph 1.1 of the Complaint is admitted upon information and belief.

2. Paragraph 1.2 of the Complaint is admitted upon information and belief.

3. Paragraph 1.3 of the Complaint is denied as drafted. The address of Caribex is 3200 Beechleaf Court, Suite 500, Raleigh, Wake County, North Carolina, 27619. Caribex is authorized to do business in Puerto Rico since September 8, 1997.

4. Paragraph 1.4 of the Complaint is admitted upon information and belief.

**II. NATURE OF THE ACTION JURISDICTION AND VENUE**

5. Paragraph 2.1 of the Complaint is denied. Caribex is not the owner of the truck involved in the accident alleged in the Complaint nor the employer of the driver of the truck at the time of the accident.

6. Paragraph 2.2 of the Complaint does not require a responsive pleading since it is a conclusion of law. Should said paragraph requires a responsive pleading, it is denied.

7. Paragraph 2.3 of the Complaint is admitted.

8. Paragraph 2.4 of the Complaint does not require a responsive pleasing because it is not an allegation of material facts. Should said paragraph requires a responsive pleading, it is denied.

### III. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. The first sentence of paragraph 3.1 of the Complaint is denied because the plaintiffs have not produced any evidence to sustain the allegations made thereto. The second sentence of the same paragraph is admitted upon information and belief.

10. From paragraph 3.2 of the Complaint, Caribex admits the occurrence of the accident and that the person involved in the accident, who was wearing black clothes at around 1:04 a.m., informed that he was working with a damaged truck in the shoulder. The rest of the paragraph is denied because the plaintiffs have not produced any evidence to sustain the allegations made thereto.

11. Paragraph 3.3 of the Complaint is denied. Neither the truck nor the trailed invaded the shoulder. Due to the design of the highway, the driver had to take the curve close to the shoulder to avoid an off-tracking of the truck. On the other hand, Mr. Joe Mercado-López, who was wearing dark clothes, was negligently walking in the borderline of the highway right lane and the shoulder. The rest of the paragraph is denied because the plaintiffs have not produced any evidence to sustain the allegations made thereto.

12. Paragraph 3.4 of the Complaint is denied. Caribe Freight Forwarding of Puerto Rico is the owner of the truck and the employer of Mr. Jesús Crespo.

13. Paragraph 3.5 of the Complaint is denied for the same facts and grounds stated in paragraphs 5, 9, 10 and 11 of this Answer to Complaint, which are adopted by reference and incorporated to the answer of this paragraph of the Complaint as if fully stated herein.

14. Paragraph 3.6 of the Complaint is denied for the same facts and grounds stated in paragraphs 5, 9, 10, 11 and 12 of this Answer to Complaint, which are adopted by reference and incorporated to the answer of this paragraph of the Complaint as if fully stated herein.

15. Paragraph 3.7 of the Complaint is denied for the same facts and grounds stated in paragraphs 5, 9, 10, 11, 12 and 13 of this Answer to Complaint, which are adopted by reference and incorporated to the answer of this paragraph of the Complaint as if fully stated herein.

## IV. ALLEGED FIRST CAUSE OF ACTION

16. Caribex adopts by reference the responsive pleadings and affirmative defenses stated in the previous paragraphs and incorporates them to the answer to paragraph 4.1 of the Complaint as if fully stated herein.

17. Paragraph 4.2 of the Complaint is denied because the plaintiffs have not produced any evidence to sustain the allegations made thereto. Caribex may amend this answer according to said evidence if the plaintiffs produce the evidence necessary to sustain the damages alleged in this paragraph of the Complaint.

18. The first sentence of paragraph 4.3 of the Complaint is admitted upon information and belief. The rest of the paragraph is denied because the plaintiffs have not produced any evidence to sustain the allegations made thereto. Caribex may amend this answer according to said evidence if the plaintiffs produce the evidence necessary to sustain the damages alleged in this paragraph of the Complaint.

19. Paragraph 4.4 of the Complaint is denied because the plaintiffs have not produced any evidence to sustain the allegations made thereto. Caribex may amend this answer according to said evidence if the plaintiffs produce the evidence necessary to sustain the damages alleged in this paragraph of the Complaint.

20. Paragraph 4.5 of the Complaint is denied because the plaintiffs have not produced any evidence to sustain the allegations made thereto. Caribex may amend this answer according to said evidence if the plaintiffs produce the evidence necessary to sustain the damages alleged in this paragraph of the Complaint.

21. Paragraph 4.6 of the Complaint is denied because the plaintiffs have not produced any evidence to sustain the allegations made thereto. Caribex may amend this answer according to said evidence if the plaintiffs produce the evidence necessary to sustain the damages alleged in this paragraph of the Complaint.

22. Paragraph 4.7 of the Complaint is denied because the plaintiffs have not produced any evidence to sustain the allegations made thereto. Caribex may amend this answer according to said evidence if the plaintiffs produce the evidence necessary to sustain the damages alleged in this paragraph of the Complaint. In addition, it is affirmatively alleged that the monetary claim included in this paragraph shows that plaintiffs are seeking punitive damages and to turn Joe A. Mercado López' accident into a pecuniary industry, which is prohibited in this jurisdiction.

## V. ALLEGED SECOND CAUSE OF ACTION

23. Caribex adopts by reference the responsive pleadings and affirmative defenses stated in the previous paragraphs and incorporates them to the answer to paragraph 5.1 of the Complaint as if fully stated herein.

24. Paragraph 5.2 of the Complaint is denied because the plaintiffs have not produced the evidence necessary to demonstrate the allegations contained therein. This answer may be amended if the plaintiffs produce the required evidence to prove the allegations stated in this paragraph of the Complaint.

25. Paragraph 5.3 of the Complaint is denied because the plaintiffs have not produced the evidence necessary to demonstrate the allegations contained therein. This answer may be amended if the plaintiffs produce the required evidence to prove the allegations stated in this paragraph of the Complaint. In addition, it is affirmatively alleged that the monetary claim included in this paragraph shows that plaintiffs are seeking punitive damages and to turn Joe A. Mercado López' accident into a pecuniary industry, which is prohibited in this jurisdiction.

## VI. ALLEGED THIRD CAUSE OF ACTION

26. Caribex adopts by reference the responsive pleadings and affirmative defenses stated in the previous paragraphs and incorporates them to the answer to paragraph 6.1 of the Complaint as if fully stated herein.

27. Paragraph 6.2 of the Complaint is denied because the plaintiffs have not produced the evidence necessary to demonstrate the allegations contained therein. This answer may be amended if the plaintiffs produce the required evidence to prove the allegations stated in this paragraph of the Complaint.

28. Paragraph 6.3 of the Complaint is denied because the plaintiffs have not produced the evidence necessary to demonstrate the allegations contained therein. This answer may be amended if the plaintiffs produce the required evidence to prove the allegations stated in this paragraph of the Complaint. In addition, it is affirmatively alleged that the monetary claim

included in this paragraph shows that plaintiffs are seeking punitive damages and to turn Joe A. Mercado López' accident into a pecuniary industry, which is prohibited in this jurisdiction.

## VII. ALLEGED FOURTH CAUSE OF ACTION

29. Caribex adopts by reference the responsive pleadings and affirmative defenses stated in the previous paragraphs and incorporates them to the answer to paragraph 7.1 of the Complaint as if fully stated herein.

30. Paragraph 7.2 of the Complaint does not require a responsive pleading since it is a conclusion of law. Should said paragraph requires a responsive pleading, it is denied.

31. Paragraph 7.3 of the Complaint does not require a responsive pleading since it is a conclusion of law. Should said paragraph requires a responsive pleading, it is denied.

32. Paragraph 7.4 of the Complaint is denied. It is affirmatively alleged that the plaintiffs' Complaint is frivolous not only because Caribex is neither he owner of the truck nor the employer of the driver but also because the adequate cause of the accident was the exclusive negligence of Joe A. Mercado López.

## VIII. AFFIRMATIVE DEFENSES

1. This Honorable Court lacks subject matter jurisdiction over the instant case.

2. The Complaint fails to state a claim upon which relief can be granted.

3. The Complaint fails to set forth any cause of action against Caribex.

4. Caribex acted at all times relevant to this action in good faith, with proper care and never with negligence.

5. Jesús Crespo acted at all times relevant to this action in good faith, with proper care and never with negligence.

6. Jesús Crespo has not acted willfully, maliciously nor recklessly or in disregard of the plaintiffs' rights.

7. Caribex has not acted willfully, maliciously nor recklessly or in disregard of the plaintiffs' rights.

8. The tort claim is unfounded and speculative.

9. The claims set forth by the plaintiffs are frivolous, have no basis in fact or law, present no good faith basis for the advancement of applicable law, and are characterized by temerity and obstinacy in prosecuting a patently baseless and groundless claim. Therefore, the plaintiffs should be assessed all the costs, expenses and attorneys' fees incurred by the appearing defendants.

10. The plaintiff's claims are totally or partially time barred by the applicable statute of limitations and/or jurisdictional time frames.

11. No causal relationship exists between the plaintiff's alleged injuries and damages and alleged actions and/or omissions from Caribex.

12. Any damages the plaintiffs could have suffered are the result of Mr. Joe A. Mercado López' negligent actions and/or omissions.

13. The damages alleged in the Complaint are uncertain, excessive, speculative and grossly exaggerated.

14. The plaintiffs failed to mitigate and/or minimize damages.

15. This Honorable Court shall not exercise supplemental jurisdiction over the plaintiffs' alleged state law claims since there was never subject matter jurisdiction.

16. The plaintiffs have failed to adequately plead a negligence claim against Caribex.

17. Caribex acted at all times within the established framework of its authority and duties.

18. Jesús Crespo acted at all times within the established framework of its authority and duties.

19. The damages alleged in the Complaint were the result of the sole and exclusive negligence and/or omissions and willful conduct of Mr. Joe A. Mercado López, who assumed the risks of his own actions.

20. Mr. Joe A. Mercado López incurred in comparative negligence.

21. Mr. Joe A. Mercado López was negligent and, thus, the compensation to plaintiffs, if any, must be reduced in the percentage of negligence incurred by him.

22. The damages suffered by plaintiffs are the result of Mr. Joe A. Mercado López' negligent actions and/or omissions.

23. The damages claimed in the Complaint were caused by the acts and/or error and/or omissions and/or negligence of a third party for which Caribex is not liable or responsible as a matter of law.

24. The damages suffered by plaintiffs are the result of Mr. Joe A. Mercado López' negligent actions and/or omissions. Caribex is not liable for Mr. Joe A. Mercado López' alleged acts or omissions.

25. The plaintiff does not have a valid cause of action against Caribex under article 1802 of the Civil Code of Puerto Rico.

26. There was a superseding intervening cause which caused the alleged damages and for which Caribex is not liable.

27. The plaintiffs' monetary claim amounts to a request for punitive damages, which is not allowed by Puerto Rico law.

28. Caribex denies any allegation of the Complaint that has not been expressly admitted.

29. Caribex adopts by reference and incorporates to this section, as if fully stated herein, all the responsive pleadings and affirmative defenses included in the previous sections of this Answer to the Complaint.

30. Caribex reserves the right to assert any additional defenses on its behalf that may arise during discovery in the instant case.

**WHEREFORE**, Caribex respectfully requests this Honorable Court to enter judgment dismissing the Complaint and granting judgment for them against plaintiffs, with imposition of all applicable fees and costs.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 12th day of March 2018.

## X. CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2018, I electronically filed the foregoing with the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

        S/Raphael Peña Ramón
        USDC-PR-212201
        **PEÑA RAMÓN & CO. LAW FIRM**
        Cupey Professional Mall
        Suite 316
        359 San Claudio Ave.
        San Juan, PR 00926
        Tel. (787) 977-9595
        Fax. (787) 977-9494
        rgpena@penaramonlaw.com